**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JUSTIN CODY WHEELER,

       Plaintiff,

vs.                                                                                              No. CV 18-00777 RB/LF

BETTY JUDD, ROLANDO VALENCIA,
CHAPLAIN COMPTOM, CHIEF RANKIN,
CORE CIVIC (CCA), GERMAN FRANCO,
NEW MEXICO DEPT OF CORRECTIONS,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Prisoner's Civil Rights Complaint filed by Plaintiff Justin Cody Wheeler. (Doc. 1.) The Court will dismiss the Complaint without prejudice and will grant Mr. Wheeler leave to file an amended complaint.

**I.     Factual and Procedural Background**

Mr. Wheeler filed a Prisoner's Civil Rights Complaint asserting claims under 42 U.S.C. § 1983. (*Id.* at 2.) His Complaint names as Defendants Betty Judd, Rolando Valencia, Chaplain Compton, Chief Rankin, Core Civic ("CCA"), German Franco, and the New Mexico Department of Corrections. (*Id.* at 1–2.) Plaintiff claims to be a member of the Asatru faith, which is a polytheistic Norse religion devoted to honoring the Gods, Goddesses, and the practitioner's ancestors. (*Id.* at 4.) *See also* U.S. Dep't of Justice, Fed. Bureau of Prisons, Inmate Religious Beliefs & Practices, at 220 (2002). Wheeler alleges:

> Since the year of 2015 I have been a member of the Asatru faith. When I arrived here at "CCA" Core Civic Grants New Mexico Chaplain Compton has changed my religious status to Jewish 'with out my consent' or 'knowledge.' From May 2018 Chaplain Compton with the approval of warden Judd, AW, Valencia, Chief Rankin has continuously discriminated against Asatru members, in maintaining religious

1

> services, religious fiests, religious articals needed for services, canceled services with out notice. this kept us as meeting as a complete group and prevented us from using facilities available at the Chapel and most religious items. those restrictions were not placed on Christen groups, but applied to non-Christen groups. Prison officials also agreed to permet us the purchase of outside food and beverages for Asatru Ceremonial feasts from a Common Fund and to allow prisoners to share food for Ceremonial purposes with out being subject to disciplinary action for bartering. 'But' prison officials went back on there word and has denied Asatru members for reglish feasts. All listed defendants are in violations of the 1st Amendment the Religious Freedom Restoration act 'RFRA' and the Religious land use act 'RLUIPA.'

(Doc. 1 at 4.) Mr. Wheeler sets out two claims:

> Cause of action I.
> My constitutional right 1st Amendment 'RLUIPA' were violated by all listed parties . . . My 8th amendment rights also violated by warden Judd, A.W. Valencia and Chaplain Compton. My mental state and religious beliefs are in a constant turmoil because of there ridicule, denial of my religious beliefs. Core Civic 'does not' follow policy and procedure if you ask any two employees the same question they wont have the same answer

(*Id.* at 5.)

> Claim II:
> Warden Judd, A.W. Valencia, Chaplain Compton, Chief Rankin, Core Civic (CCA), the NM Dept of Corrections and German Franco:
> 1). These listed Parties have all worked together to keep the Asatru Religion out of the N.M. Prison System.
> 2). All listed parties are responsible for asserting their 'authority' and 'dominance' in keeping only 'Christian' sects in state prisons.
> 3). Denying Asatru believers chapel time, denying Asatru feasts, refusing prayer & religious items.
> 4). Transferring approximately ½ of the Asatru Group to other facilities at one time, thereby trying to deminish our Order at Core Civic (CCA) Grants, N.M.
> 5). Chaplain Compton refuses to talk with Asatru because we are not Christian sect, and she is racist because she believes Asatru is a racist organization.
> 6). All religious material & books destroyed & thrown out during statewide shake down, State approval.
> 7). Core Civic (CCA) employees refuse access to 'yard' alter for services & attending to Asatru Alter for maintenance.
> 8). Many more details and Core Civic ("CCA) refusals upon request or Court orders.

(*Id.* at 6.)

Mr. Wheeler's prayer for relief requests $1,800 a day from the date he arrived to the date he is released, $5,000 from each person named as a defendant, $500,000 from Core Civic, and $500,000 from the New Mexico Department of Corrections. (*Id.* at 8.)

## II.  The Law Regarding Dismissals for Failure to State a Claim

Mr. Wheeler is proceeding pro se and *in forma pauperis*. (*See* Docs. 1; 3.) The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Federal Rule of Civil Procedure 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Rule 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss a complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Hall*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound,

as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

In deciding whether to dismiss the complaint in whole or in part, the court is to consider whether to allow the plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

### III.    Analysis of Plaintiff's Section 1983 Claims

Mr. Wheeler's claims are brought under 42 U.S.C. § 1983. (Doc. 1 at 1.)[1] The Complaint

---

[1] Mr. Wheeler also refers to "Bivens." (Doc. 1 at 3, 8.) However, there is no indication in his Complaint that he is proceeding on claims against any federal official. Therefore, *Bivens* has no application to this case. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

fails to state a § 1983 claim against any Defendant. First, Mr. Wheeler names the New Mexico Department of Corrections as a Defendant. (Doc. 1 at 1). The New Mexico Department of Corrections is a state agency. As such, the claims against it are claims against the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011). Therefore, the claims against the New Mexico Corrections Department will be dismissed. *See Will*, 491 U.S. at 63–64.

Further, the Complaint does not state a § 1983 claim against any other individual or entity Defendant. The exclusive remedy for vindication of constitutional violations is under § 1983. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A plaintiff must allege some

personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a § 1983 action, it is particularly important that a complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

In this case, Mr. Wheeler makes generalized allegations that his religious rights have been violated by "all listed parties." (Doc. 1 at 5, 6.) The Complaint does not contain factual allegations setting out the individualized actions of each Defendant or specifically how the actions of any Defendant violated Wheeler's constitutional rights. *See Robbins*, 519 F.3d at 1249–50. Nor does it contain any factual allegations regarding Defendant Core Civic. Even Mr. Wheeler's sole individualized allegation that "Chaplain Compton refuses to talk with Asatru because we are not Christian sect, and she is racist because she believes Asatru is a racist organization" (Doc. 1 at 6), does not show how the Chaplain's conduct violates Wheeler's constitutional rights. The generalized, factually non-specific allegations of the Complaint do not state a § 1983 claim against any Defendant. *See Iqbal*, 556 U.S. at 676. Further, even if the allegations were sufficient to state a § 1983 claim against a defendant, they do not establish a violation of either First or Eighth Amendment rights.

### A.     First Amendment Claims

Mr. Wheeler claims violations of his rights under the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Religious Freedom Restoration Act of 1993 (RFRA). (Doc. 1 at 4.) An inmate retains protections afforded by the First Amendment, including that no law shall prohibit the free exercise of religion. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). However, the First Amendment protection is not without reasonable

limitations in the prison setting. Prison inmates are subject to the "necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Under the Free Exercise Clause, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

The initial questions in a First Amendment free exercise claim are whether the plaintiff's beliefs are religious in nature and, if so, whether those religious beliefs are sincerely held. *Snyder v. Murray City Corp.*, 124 F.3d 1349, 1352 (10th Cir. 1997). When a religious exercise claim under either RLUIPA or the First Amendment is identified, the next step is to determine whether the government has imposed a substantial burden on that exercise. This inquiry must focus on the coercive impacts of the government's actions on the individual claimant's ability to engage in a religious exercise. The Tenth Circuit has found a burden to be substantial where: the government (1) requires the plaintiff to participate in an activity prohibited by a sincerely held religious belief, (2) prevents the plaintiff from participating in an activity motivated by a sincerely held religious belief, or (3) places considerable pressure on the plaintiff to violate a sincerely held religious belief—for example, by presenting an illusory or Hobson's choice "where the only realistically possible course of action trenches on an adherent's sincerely held religious belief." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1315 (10th Cir. 2010); *see also Lyng v. Nx. Indian Cemetery Protective Ass'n,* 485 U.S. 439, 450 (1988); *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 716–18 (1981); *Yellowbear v. Lampert*, 741 F.3d 48, 55 (10th Cir. 2014).

As a threshold matter, when faced with either a First Amendment claim or a RLUIPA claim, a court must inquire as to whether the prisoner has fulfilled his burden of alleging sufficient

facts to indicate his ability to practice his "sincerely-held religious belief" has been "substantially burdened." *Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 833 (8th Cir. 2009). A plaintiff who relies on the RLUIPA must demonstrate the "substantial burden" is more than a mere inconvenience. *Abdulhaseeb*, 600 F.3d at 1316. If the answer to the substantial burden inquiry is negative, the court need not examine the claim further because the Plaintiff is unable to prevail without showing a substantial burden. *Gladson*, 551 F.3d at 833.

Mr. Wheeler's First Amendment and RLUIPA claims fail for several reasons. First, Plaintiff's claim fails because he has not shown that his right to practice his religion was substantially burdened by a prison regulation. As previously noted, the First Amendment is concerned with prison *regulations* that pervasively restrict an inmate's right to practice his religion. *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). Plaintiff has identified no prison rule or regulation that affected his ability to worship and, in the absence of any identified regulation, his Complaint fails to state a First Amendment claim for relief. *See Iqbal*, 556 U.S. at 676.

Further, Mr. Wheeler does not explain how the denials of feasts, materials, or unspecified services were a substantial burden on his religious practice. (*See* Doc. 1 at 5–6.) Although he generally alleges discrimination against Asatru members in maintaining religious services, religious feasts, religious articles needed for services, and canceled services without notice, he has not factually described with specificity which services, feasts, or articles have been denied or how their absence prevented him from performing any identified ritual. He has never described what the services, materials, or feasts comprise, or how their absence prevented him from practicing his religion. *See Boles*, 486 F.3d at 1182. Nor does he make more than generalized allegations of discrimination against a religious group, such as "[t]hese listed Parties have all worked together to keep the Asatru Religion out of the N.M. Prison System." (Doc. 1 at 5–6.) The Complaint does

not factually show that his right to practice his religion was substantially burdened. *See Boles*, 486 F.3d at 1182.

The Court finds that Mr. Wheeler has failed to state a claim that amounts to a free-exercise violation. Although he provides vague, generalized allegations of deprivation and discrimination, this does not cure the deficiency of his claim—namely, that he has failed to allege, much less show, that his right to practice his religion was substantially burdened by a prison regulation. *See Boles*, 486 F.3d at 1182 (free-exercise claim concerned with prison regulations that pervasively restrict an inmate's right to practice religion). The Complaint fails to state a First Amendment claim for relief.

### B.     Eighth Amendment Claims

Mr. Wheeler also claims violation of his Eighth Amendment rights. (Doc. 1 at 5.) Inmates alleging Eighth Amendment violations based on prison conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834, (1994). Prison officials display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to the inmate's health or safety. *Id.* at 838–40. The Eighth Amendment standard requires proof of both an objective and a subjective component. *Hudson v. McMillian*, 503 U.S. 1 (1992). If either of these components is not established, the court need not inquire as to the existence of the other. *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

First, the deprivation alleged must objectively be sufficiently serious, resulting in a denial of the "minimal civilized measures of life's necessities." *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In proving the objective component, an inmate must establish that there was both some degree of actual or potential injury, and that society considers

the acts that the plaintiff complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to those acts. *Helling*, 509 U.S. at 36; *see also Estelle v. Gamble*, 429 U.S. 97, 102, (1976).

The subjective component requires that the prison official possess a sufficiently culpable state of mind: "deliberate indifference to inmate health and safety." *Farmer*, 511 U.S. at 834–36. With regard to deliberate indifference, a prison official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The subjective component requires proof that the official was: (1) aware of the facts that would lead a reasonable person to infer the substantial risk of serious harm; (2) actually made the inference that the substantial risk of serious harm to the plaintiff existed; and (3) knowingly disregarded the risk. *Id* at 844.

In this case, Mr. Wheeler does not present any allegations that prison officials were deliberately indifferent to his health or safety by subjecting him to a substantial risk of serious harm. *See id.* at 834. The claims relating to his religious beliefs do not establish that there was any degree of actual or potential injury or that society considers the acts that he complains of to be so grave that they violate contemporary standards of decency. *See Helling*, 509 U.S. at 36; *Estelle*, 429 U.S. at 102. The Complaint fails to state an Eighth Amendment claim for relief.

## V.     The Court Will Grant Leave to Amend

Mr. Wheeler's Complaint fails to state a sufficient claim for relief under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The Court will grant Mr. Wheeler an opportunity to amend to remedy the defects in his pleading. *See Hall*, 935 F.2d at 1109. However, the Court cautions Mr. Wheeler that any claim against an individual defendant must contain specific factual allegations identifying

who each individual is, what that individual did, when they did it, and how that individual's actions deprived Wheeler of a constitutional right. *See Robbins*, 519 F.3d at 1249–50. Generalized and conclusory statements are not sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555. If he pursues any claims against an entity defendant, such as Core Civic, then he must include allegations identifying a policy, regulation, or custom of Core Civic that was a direct cause or a moving force behind any violation of his civil rights. *See Myers v. Okla. Cty Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). Mr. Wheeler may not reassert any claims against the New Mexico Department of Corrections.

Mr. Wheeler shall amend the Complaint to allege any claims he believes he may have against any individual defendant, consistent with the requirements of Federal Rule of Civil Procedure 11(b) and this Memorandum Opinion and Order. He must file his amended complaint within 30 days of entry of this Memorandum Opinion and Order. Failure to file an amended complaint within that time may result in final dismissal of this action without further notice.

**IT IS ORDERED:**

(1) The New Mexico Department of Corrections is **DISMISSED** as a party to this proceeding;

(2) the Prisoner's Civil Rights Complaint filed by Plaintiff Justin Cody Wheeler (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim on which relief can be granted; and

(3) Plaintiff Wheeler is granted leave to file an amended complaint within 30 days of entry of this Memorandum Opinion and Order.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE